UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THE UNITED STATES OF AMERICA                                    04-CR-41E

                        -vs-                                    MEMORANDUM
                                                                and
DWAYNE POSEY,                                                   ORDER[1]
                        Defendant.

_____


        Defendant Dwayne Posey ("Posey") is charged in a three-count indictment

with (1) possession with intent to distribute a controlled substance — *to wit* cocaine

base — in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A), (2) commission of the

aforementioned offense within 1000 feet of a playground, in violation of 21 U.S.C.

§860(a) and (3) possession of a firearm during, in relation to and in furtherance of the

aforementioned offenses, in violation of 18 U.S.C. §924(c)(1).  On May 28, 2004, Posey

filed a motion to suppress evidence seized during the February 28, 2003 execution of

a search warrant on a residence at 350 Humboldt Parkway in Buffalo, New York.  On

December 16, 2004 Magistrate Judge H. Kenneth Schroeder issued a Report and

Recommendation ("R&R") denying Posey's motion to suppress the evidence.

Pending before the Court are Posey's Objections to the R&R.[2]

_____

        [1]This decision may be cited in whole or in any part.

        [2] Resolution of this matter has been considerably delayed.  On December 20, 2004 Posey
sought an extension of time in which to file Objections, which extension was granted until
February 6, 2005 and thereafter further extended until July 8, 2005.  Posey's Objections were
filed on July 5, 2005.  Thereafter, the government sought various extensions of its time in which
to respond to Posey's Objections.  In the intervening period, a warrant was issued for Posey's
arrest for violations of the conditions of his pre-trial release and on December 30, 2005 Posey
filed a motion for pre-trial release.  Various dates were set, adjourned, and re-set for a hearing
                                                                (continued...)

On February 26, 2003 an application for a warrant to search the upper apartment at 350 Humboldt Parkway, Buffalo, New York and a 1999 white Buick Regal was presented to United States Magistrate Judge Hugh B. Scott.  The application was based on the affidavit of Dennis R. Gilbert ("Gilbert") a Buffalo Municipal Housing Authority Peace Officer and a Member of the Federal Bureau of Investigation's Career Criminal Task Force.  Gilbert's affidavit was made based upon his knowledge and experience as a Municipal Housing Authority Peace Officer and upon information relayed to him by two confidential sources,"CS-1" and "CS-2".

Gilbert stated that on February 24, 2003 he met with CS-1, an individual who had known Posey for six years and who was familiar with Posey's day-to-day drug operations.  CS-1 told Gilbert that on February 16, 2003 he had met Posey at 350 Humboldt Parkway, that Posey had exited 350 Humboldt Parkway and had showed CS-1 a bag containing what appeared to be crack cocaine and that Posey had told CS-1 that if CS-1 "need[ed] anything" to "get a hold of [Posey]."  CS-1 also informed Gilbert that Posey lived at 350 Humboldt Parkway with his son and his son's mother and, at that time, drove a white Buick Regal with tinted windows.  Finally, CS-1 stated that Posey's .45 caliber handgun had recently been stolen but that the party

---

[2](...continued)
on the Objections and as to Posey's release status.  On April 5, 2006 the parties appeared for an evidentiary hearing, but said hearing did not go forward and the parties agreed as to modifications of Posey's conditions of pre-trial release.  It appearing to this Court on or about April 13, 2006 that no additional papers or argument would be presented on these Objections, the Court deemed the Objections submitted for its consideration.

who had subsequently come into possession of Posey's stolen gun had been instructed to return the gun to Posey.[3]

Gilbert also affirmed that on January 31, 2003 he had been contacted by telephone by CS-2, an individual who had known Posey for approximately two years. CS-2 reported having seen Posey driving a newer white vehicle with tinted windows and that the vehicle could have been a Chevrolet Lumina.  CS-2 also reported having seen Posey driving a newer Volvo.

CS-2 contacted Gilbert again on February 6, 2003 and reported having observed Posey outside a store at East Delavan and Cambridge and that Posey had shown CS-2 a black semi-automatic .45 caliber handgun and that Posey had stated "you always got to be ready out here."  CS-2 contacted Gilbert again on February 25, 2003 and reported having observed Posey in possession of a handgun multiple times in the summer of 2001 and 2002, that Posey is Michael Banks's muscle and shooter and that Posey is always in possession of a handgun.

Gilbert's affidavit also included information obtained through Social Services, public utility and New York State Department of Motor Vehicles ("the DMV") records indicating that one Nekia Davis resided at 350 Humboldt Parkway with her son whose last name is Posey.  The records also revealed that numerous vehicles, including a 1995 Volvo and a 1999 white Buick Regal were registered in the name of

---

[3] Both Magistrate Judge Schroeder and Posey interpreted Gilbert's affidavit as stating that CS-1's brother had come into possession of Posey's gun.  This Court interprets the same passage as stating that the brother of one Edward Clemons had come into possession of the gun.

Nekia J. Davis.  Gilbert's affidavit contained no confirmed records or information

relating to Posey's residence despite the fact that the DMV listed Posey's address as

34 Cambridge St., Buffalo, New York.  While Gilbert stated that he had "no specific

information that cocaine and/or "crack" [were] presently being stored at 350

Humboldt Parkway or [in] the 1999 Buick Regal" (Gilbert Aff. ¶10), he asserted that

based on his training and experience he had learned that:

> "significant narcotics traffickers such as dealers in large quantities of
> cocaine and heroin frequently maintain, in their residences and/or the
> residences of family members, girlfriends and associates, and/or places
> of business, amounts of cocaine and/or heroin, and large amounts of
> currency on hand in order to maintain and finance their ongoing
> narcotics business."

Gilbert Affidavit ¶10(b).  Magistrate Judge Scott issued a search warrant for 350

Humboldt Parkway, upper apartment, and the 1999 Buick Regal.  The warrant was

executed on February 28, 2003 at which time officers seized — among other things

— two handguns, a quantity of crack cocaine and approximately $2,277 in cash.  All

of the seized items were found in Posey's clothing.

On May 28, 2003 Posey filed a motion to suppress the evidence seized and on

December 16, 2004 Magistrate Judge Schroeder issued an R&R concluding that the

motion should be denied based on the good faith exception to the warrant

requirement.  The Magistrate Judge concluded that, even if Gilbert's failure to include

information available from the DMV as to Posey's address is considered an omission,

the omission did not mislead Magistrate Judge Scott.  Magistrate Judge Schroeder

also dismissed Posey's argument as to the reliability — or alleged lack thereof — of

the confidential sources, concluding that CS-1 had met with Gilbert in person and that sufficient information provided by both CS-1 and CS-2 had been corroborated through other sources.  Finally, Magistrate Judge Schroeder also concluded that — even if probable cause to search was lacking — a reasonably well-trained officer would not have known that the warrant was invalid.

Posey objects to the R&R and argues essentially the same points raised before Magistrate Judge Schroeder, namely (1) that Gilbert's affidavit omitted critical information as to Posey's actual place of residence which was readily ascertainable from the DMV records and which, if provided, would have negated probable cause for the warrant, (2) that the information upon which Gilbert's affidavit was based was stale and (3) that Gilbert's failure to corroborate the information provided by the confidential sources requires the suppression of the evidence.  In the alternative, Posey argues that he is entitled to an evidentiary hearing pursuant to *Franks* v. *Delaware*, 438 U.S. 154 (1978), as to whether Gilbert's affidavit was false and/or misleading.

The government asserts that the Objections should be denied and the R&R adopted because the information from both confidential sources  was not stale in that it related to ongoing criminal activity, because the information was corroborated and because no material information was omitted from Gilbert's affidavit and — even if

the omitted information was material — the evidence should not be suppressed based on the good faith exception to the warrant requirement.[4]

The district court reviews *de novo* the portions of an R&R to which objections have been filed.  *See* 28 U.S.C. § 636(b)(1)(A).  If a party fails to object to a portion of an R&R, further review is generally precluded.  *See Mario* v. *P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).  Furthermore, on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge.  *See Paterson-Leitch Co., Inc.* v. *Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).  Upon *de novo* review of the R&R and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings and conclusions of the R&R.

As Magistrate Judge Schroeder noted, evidence seized pursuant to a warrant is admissible — even if such warrant was defective or if probable cause for the warrant was lacking — so long as the officers executing the warrant acted on it in "objective good faith."  *United States* v. *Leon*, 468 U.S. 897, 919-923 (1984).  "The test of objective good faith is 'whether a reasonably well trained officer would have known the search was illegal despite the magistrate's authorization.'"  *United States* v. *Moore*, 968 F.2d 216, 222 (2d Cir.), *cert. denied sub nom Donohue* v. *United States*,

---

[4] The government also argues that because Posey asserts that his true address is 34 Cambridge Street, he lacks standing to challenge the search of 350 Humboldt Parkway or the use of the evidence seized during that search.  Because the Magistrate Judge did not address the government's argument as to standing, this Court also will not consider it.

506 U.S. 980 (1992) (quoting *Leon*, at 922 n.23).  One exception to this "good faith exception" is where the issuing magistrate has been knowingly misled.  *Ibid*.

Posey argues that the evidence should be suppressed or an evidentiary hearing held because Gilbert intentionally omitted from his affidavit in support of the warrant information that Posey did not reside at 350 Humboldt Parkway and maintained a residence at 34 Cambridge Street.  Posey argues that such information was readily available from DMV records which Gilbert must have searched because he had obtained DMV information relating to Nekia Davis, Posey's girlfriend.  Posey argues that, had the information concerning his actual place of residence been included in the warrant application or had CS-1's statement indicating that Posey resided there been excised from the affidavit, no probable cause would have been found to search 350 Humboldt Parkway.

Posey's Objection will be denied.  As Magistrate Judge Schroeder concluded, even if the information as to Posey's actual residence had been included, Gilbert's affidavit would have been sufficient to establish probable cause to search 350 Humboldt Parkway and the Buick Regal.

CS-1 told Gilbert that Posey's son and his son's mother resided at 350 Humboldt Parkway.  CS-1 met Posey at that address, saw him exit that address and, was advised by Posey that he (Posey) could supply CS-1 — or any other interested parties — with drugs.  Investigation of various records revealed that Nekia Davis resided in the apartment with her son, whose last name is Posey, and that Davis had

several motor vehicles registered to her at that address, which vehicles Posey was reported to have been seen driving.  Therefore, regardless of Posey's actual official place of abode, the affidavit demonstrates sufficient contacts between Posey and the place to be searched to justify a reasonable person's belief that the searched-for items could be found in that place.  Posey's alternative request for a *Franks* hearing will be similarly denied because, even if the information as to Posey's residence had been included in Gilbert's affidavit or the assertion that Posey resided there had been excised, the affidavit still presented information of sufficient contacts with 350 Humboldt Parkway to justify the search.  *See Franks* v. *Delaware*, 438 U.S. 154, 171-72 ("if the challenged statements are set aside [or such omitted information included] and there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required").

Posey also contends that the evidence should be suppressed because the information supplied by CS-2 relating to Posey's alleged possession of a firearm in 2001 and 2002 was stale and because Gilbert failed to corroborate any of the "incriminating" information supplied by the confidential sources.  These arguments are also rejected.

As Magistrate Judge Schroeder stated, the information pertaining to Posey's alleged possession of a firearm in 2001 and 2002 was not the only such information. CS-1 indicated that a handgun had recently been stolen from Posey and that the party who ultimately gained possession of the stolen firearm was instructed to return it to

Posey.  CS-2 also reported having seen Posey in possession of a handgun in early February.  That information, combined with the assertions as to Posey's involvement in drug trafficking, was sufficiently current to support a finding of probable cause. The Court also concludes that Gilbert corroborated sufficient information to demonstrate the reliability of the sources to support the warrant.  While Posey contends that additional investigation could have been performed — such as controlled purchases of narcotics from Posey at that address — the affiant need demonstrate a fair probability, not a *certainty*, that the items will be located at the address to be searched.  *See Illinois* v. *Gates*, 462 U.S. 213, 238 (1983).

For those reasons, therefore, it is hereby **ORDERED** that Posey's objections to the R&R are denied and the R&R is adopted in its entirety.  The parties shall appear before this Court on Friday, May 19, 2006 at 1:00 p.m. to set a date for trial.

DATED:      Buffalo, N.Y.

May 10, 2006

/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.